CHARLES A. PREST

*vs.*

THE INHABITANTS OF THE TOWN OF FARMINGTON.

Sagadahoc.    Opinion January 20, 1917.

*Liability of Towns for the Acts of its Selectmen.    The Right of one Selectman to Bind the Town or Municipality.    Ratification of the Acts of one Selectman.*

Action on account annexed.    Motion for new trial and exceptions by defendant. Motion not considered.    Before any work was ever done for defendants by plaintiff, or ever bargained for, one of the selectmen of the defendant town wrote a letter to a third person, in no way connected with this suit, in which statements were made as to the work to be done and its nature as to difficulty or otherwise.    The letter came into the possession of the plaintiff who claimed to have brought it to the attention of this member of the board who wrote it, before the bargain for the work was struck.    It was not shown to any other member of the board, nor were its contents made known to them, nor their adoption of its statements proved.

*Held:*    That under these circumstances, the contractual liabilities of the town were not effected by the letter and its admission in evidence was error.

Action on the case with an account annexed to recover for labor and materials furnished for the construction of a sewer in defendant town. Defendant pleaded general issue and also filed a brief statement. Verdict for plaintiff in the sum of $1,814.02.    Defendant filed motion for new trial and also filed exceptions to the admissibility of certain evidence and certain rulings of the presiding Justice.    During the progress of the trial, the plaintiff offered in evidence a certain letter written and signed by one of the selectmen of the defendant town to a person other than the plaintiff in regard to the nature of the work in building the sewer.    The plaintiff claimed that he should be entitled to compensation for extra work, claiming that certain misrepresentations were made, as to the nature of the work required, and the letter was offered and admitted upon this question, to which ruling defendant excepted.    This is the only exception that was considered.    Exceptions sustained.    Motion not considered.

Case stated in opinion.
*McGillicuddy & Morey*, for plaintiff.
*E. E. Richards*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

PHILBROOK, J.    This action is based upon an account annexed, the items of which are divided into three groups.    Group A contains charges for constructing a sewer at contract price, $3,500.00 extra work on same and percentages on extra work.    After deducting credits on this item the plaintiff claims a balance due of $1,434.38. Group B contains charges for constructing a pier point at Center Bridge, so called, at contract price, $500.00, extra work on same and percentages on extra work.    After deducting credits on this item the plaintiff claims a balance due of $570.08.    Group C contains charges for constructing Fairbanks Bridge, so called, at contract price, $425.00, extra work on same and percentages on extra work.    After deducting credits on this item the plaintiff claims a balance due of $237.15.    The total amount of these balances is $2,241.00.    The jury returned a verdict of $1,814.02 for the plaintiff.

The defendants present exceptions to the rulings of the presiding Justice and a general motion to set aside the verdict on the grounds that it is against law, evidence and the weight of evidence and that the damages are excessive.

Although a number of exceptions were reserved during the trial and were discussed in the printed briefs of both defendant and plaintiff, yet the former, in oral argument, frankly abandoned all these exceptions, save one, which we will now consider.

As throwing light upon this exception it should here be noted that the total of the contract figures is $4,425.00.    The defendants claim to have paid the plaintiff, upon all the jobs, the sum of $4,457.20 which is slightly more than the total contract figures.    The evidence seems to fairly sustain this claim.    The defendants also claim that there should be no charge for extra work and the controversy arises largely out of this contention.

Before any of the work was done by the plaintiff, or even bargained for, W. A. Marble, a member of the Board of Selectmen of the defendant town, using stationery bearing his personal business letter heads

wrote the following letter to one Sanders, of the Sanders Contracting Company, a concern in no way connected with the plaintiff, and not a party to this suit:

"The sewer which we expect to build is about a mile and the digging is good—no ledges—almost all of the way is sandy soil—the pipe to be used is 6 in. to 12 and of porous sewer pipe—no iron to be used. The work has not been surveyed."

The signature was personal, not official. This letter was turned over to the plaintiff by Sanders. It was offered in evidence by the plaintiff and admitted subject to objection. The exception thereto allowed is the one under consideration. The position of the plaintiff as we understand from the record and the argument of counsel, is this: The letter was taken to Farmington by him and shown to Mr. Marble before any negotiations were entered into, and was depended upon by the plaintiff as a true representation of the conditions surrounding the proposed sewer work; that he entered upon that work for a certain consideration relying upon that representation; that the conditions were not as represented in the letter and hence this is one of the reasons why he was entitled to receive pay for extra work, that is, for work not contemplated when the trade was made between them. The plaintiff, at one point testified: "What I talked was $4,000.00 to do the work. I dropped down to $3,700.00 and finally my words to them was, if the digging was such as they represented it, I would do the sewer for $3,500.00." In behalf of the defendants, Mr. Marble, while admitting that he wrote the letter to Sanders, denied that the plaintiff ever showed the letter to him, saying that he had never seen it since he sent it to Sanders. He also testified that while talking with Mr. Prest about the sewer he did not make any representation to him in regard to the character of the soil and never heard any of the selectmen do so, adding "he had been over the ground and knew as much about it as we did." The defendants also claim that if any such representation was made in the letter, it was made by a single member of the board of selectmen, not by a majority and hence had no binding effect upon the rights and liabilities of the town. Repeated and careful examination of the record fails to disclose that the letter was ever seen by Mosher and Titcomb the other members of the board of selectmen, nor does it appear that any of them made any statements to the plaintiff about the ease or difficulty of the job, unless by implication from the testimony of the

plaintiff above quoted when, as he says, they were trying to agree upon the price to be charged and paid for the work. The record seems to establish the fact that the letter, if shown to Marble, was shown some day in July, when no one was present except plaintiff and Marble, and although on the following day the plaintiff met all three members of the board, in the presence of Judge Thompson, there is nothing to show that the letter was then produced and exhibited. It also seems quite clear that if the letter was shown to Marble it was so done some time before the trade was made and in the neighborhood of two weeks before work was commenced. Was the letter admissible? We think not. Even if it were shown to Marble, it does not satisfactorily appear that any other member of the board ever saw it, or knew its contents or ratified the statements therein contained. Hence it could not have affected the contract liabilities of the town for it is well established that without subsequent ratification, either by the town or by a majority of the board of selectmen, the act of one member of the board cannot bind the town. *Richmond* v. *Johnson*, 53 Maine, 437.

Since the letter was so largely depended upon to show the right of the plaintiff to recover for extra work and this was an important element in the plaintiff's action, we feel that its admission was prejudicial to the defendants. It becomes unnecessary to discuss the motion.

*Exceptions sustained.*